IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL D. WILLIAMS,** | ) | **CASE NO. 8:13CV7** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DCC-DOUGLAS CO. CORRECTIONS,** | ) | |
| **DR. D. MORIN, MICHELLE, BRENDA,** | ) | |
| **and TAMMY, DCC Medical Staff,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on January 7, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on January 7, 2013, against Douglas County Corrections ("DCC") and four DCC employees: Pharmacy Manager "Michelle," Medical Administrator "Tammy," Nurse "Brenda," and "Dr. Morin" (collectively the "Individual Defendants"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined at the Lincoln Correctional Center in Lincoln, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that he has been diagnosed with AIDS, "heart disease, hep[atitis] C, high blood pressure, colon cancer[,] and ITP." (Filing No. 1 at CM/ECF p. 5.) After Plaintiff was placed in DCC, he notified "Dr. Morin" about the medications he was taking. (*Id.*) Plaintiff alleges these medications cost "$7,500.00" per month. (*Id.* at CM/ECF p. 6.) Despite being notified about Plaintiff's medications, Dr. Morin chose not to provide Plaintiff with certain medications because Plaintiff had a history

of noncompliance. (*Id*. at CM/ECF pp. 5-6, 12, 19.) Plaintiff believes Dr. Morin's decision is "wrong" and that he was being denied proper medical care. (*Id*. at CM/ECF pp. 12-13.)

While Plaintiff was at DCC, he visited specialists at UNMC, received "transfusions," had numerous communications and visits with Dr. Morin, conducted several meetings with Nurse Tammy, and, at one point, was admitted to the E.R. for "low" platelets. (*Id*. at CM/ECF pp. 1-26.) Plaintiff seeks $2,600,000.00 in monetary damages and an order that directs Defendants to treat his diseases before he dies. (*Id*. at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007)*; *see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)*, ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)*. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002)*, (citations omitted).

2

### III. DISCUSSION OF CLAIMS

*A. Municipal Liability*

Plaintiff names four Individuals Defendants in this matter. (Filing No. 1 at CM/ECF p. 1.) However, Plaintiff does not specify the capacity in which he sues these Individuals. (*Id*.) Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007), (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson,* 172 F.3d at 535 (assuming official capacity only and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id*. Because Plaintiff did not specify the capacity in which he sues the Individual Defendants, the court assumes that the Individual Defendants are sued in their official capacity only. Further, Plaintiff's claims against the Individual Defendants, in their official capacities, are actually claims against their employer, Douglas County, Nebraska ("Douglas County").

Plaintiff also names DCC as a Defendant in this matter. (Filing No. 1.) Like Plaintiff's claims against the Individual Defendants, Plaintiff's claims against DCC are

3

construed as claims against Douglas County. As a municipality, Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998), (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990), (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> To establish the existence of a governmental custom, a plaintiff must prove:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. (Filing No. 1.) Moreover, Plaintiff does not allege that an unconstitutional custom was the moving force behind his claims. (*Id.*) Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

4

### B. Eighth Amendment Medical

As discussed above, Plaintiff has failed to allege sufficient facts to state a claim against Douglas County in accordance with the *Jane Doe* standard. However, even if Plaintiff had alleged claims against the Individual Defendants in their individual capacities, his allegations still fail to state an Eighth Amendment claim upon which relief may be granted.

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn,* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton,* 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle,* 429 U.S. at 103-04).

Although Plaintiff's conditions (i.e. AIDS, heart disease, hepatitis C, high blood pressure, colon cancer, and ITP) are serious medical needs, it is clear from Plaintiff's Complaint that Defendants are not disregarding those needs. Plaintiff's allegations show that he received ongoing medical care while he was at DCC, including visits to specialists at UNMC, "transfusions," numerous communications and visits with Dr. Morin, several meetings with Nurse Tammy, and, at one point, admission to the E.R. for "low" platelets. (Filing No. 1.) Further, Plaintiff's disagreement with Dr. Morin's decision not to provide him with certain medications does not state an Eighth Amendment claim for deliberate

5

indifference.  See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990), (concluding a mere disagreement with a course of treatment is not sufficient to state an Eighth Amendment claim of deliberate indifference).

    C.    *State Law Claims*

Liberally construing the Complaint, Plaintiff may have claims for violations of state law such as medical malpractice.  The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3).  However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(ii), Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice because it fails to state a claim upon which relief may be granted; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of April, 2013.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.